CLERK'S COPY

FILED
AT ALBUQUERQUE NM
MAR - 7 2000
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LESLIE DOTSON,

    Applicant,

v.    No. CIV-00-0190 LH/LCS

JOE WILLIAMS, et al.,

    Respondents.

## MEMORANDUM OPINION AND ORDER FOR TRANSFER

This matter is before the Court on Applicant's motion for leave to proceed under 28 U.S.C. § 1915 (Doc. #2), and *sua sponte* for preliminary consideration of Applicant's application for writ of habeas corpus under 28 U.S.C. § 2241. Applicant attacks allegedly unconstitutional conditions of confinement, and he seeks an order vacating his conviction and releasing him from confinement. Applicant previously filed an application under 28 U.S.C. § 2254, *Dotson v. Crandell*, No. CIV-98-1350 MV/RLP, which was dismissed for failure to exhaust state court remedies.

Under § 2244(b)(3)(A), before an applicant may file or prosecute a second or successive application for writ of habeas corpus, an order authorizing the filing must be issued by the appropriate court of appeals. Even though the instant pro se application is brought under § 2241, the application is subject to this "gatekeeping" provision of section 2244(b)(3)(A). *Gutierrez v. Perrill*, No. 96-1038, 1996 WL 733768, at **1 (10th Cir. 1996); *Vargas v. Sikes*, 42 F. Supp.2d 1380, 1381 (N.D. Ga. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 662 (1996)); *and see Reid v. Oklahoma*, 101 F.3d 628, 630 (10th Cir. 1996) (applying abuse-of-the-writ principles to petitions attacking execution of sentence). A second or successive application that is not accompanied by an authorizing order must be transferred to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). An exception to the transfer requirement is found in certain cases where the prior petition was dismissed without prejudice. *Reeves v. Little*, 120 F.3d 1136, 1139 (10th Cir. 1997) (per curiam); *cf. Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998) (successive petition may



be filed when a claim becomes ripe); *and cf. Cagle v. Champion*, No. 96-7109, 1997 WL 346038, at **1 (10th Cir. 1997) (second petition may attack a conviction of a separate court).

This case will be transferred even though the prior application was dismissed without prejudice and the instant application purports to assert new claims. The prior application sought Applicant's release on grounds that the New Mexico judicial system lost jurisdiction and his conviction became a nullity when he was transferred to Arizona. That application was dismissed without prejudice for lack of exhaustion. The instant application asserts similar claims arising from Applicant's confinement in a private prison. No opinion is expressed or implied herein as to the merits of Applicant's prior or instant claims, but because he remains incarcerated, it appears he did not prevail on his claims in state court -- if indeed he attempted to exhaust available remedies. He now raises claims which are not "simply a continuation of the earlier petition," *McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997), and his new claims are based on factual allegations similar to those in the prior application. The instant application is thus successive, *see* Rule 9(b) Governing Section 2254 Cases; *but see Haro-Arteaga v. United States*, 199 F.3d 1195, 1197 (10th Cir. 1999) (second petition not successive unless prior claims were conceded by petitioner or subjected to substantive review), and is not accompanied by an authorizing order. This proceeding will be transferred to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631.

IT IS THEREFORE ORDERED that Applicant's motion for leave to proceed under 28 U.S.C. § 1915 (Doc. #2) is GRANTED, and Applicant may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

IT IS FURTHER ORDERED that the Clerk is directed to transfer this case to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631.

UNITED STATES DISTRICT JUDGE