CLERKS CITY

IN THE UNITED STATES DISTRICT COURT  AT ALBUQUERQUE NM
FOR THE DISTRICT OF NEW MEXICO

FILED

JUN 2 3 2000

LESLIE DOTSON,

ROBERT M. MARCH
CLERK

Applicant,

v.                                                           No. CIV-00-0190 LH/LCS

JOE WILLIAMS, et al.,

Respondents.


MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Applicant's "Objections to the Magistrate's Order to Show

Cause" (Doc. #9) filed June 12, 2000.  In the order, the Magistrate Judge *sua sponte* raised the issue of

Applicant's failure to exhaust available state court remedies and directed Applicant to show cause why

the § 2241 application should not be dismissed.  In summary, Applicant's response asserts that the Court

erred by raising exhaustion *sua sponte*, exhaustion is unnecessary in this case, and Applicant would be

prejudiced if required to exhaust state court remedies.  For the reasons below, the show cause order will

be sustained and the habeas corpus application will be dismissed.

First, the Court properly raised exhaustion *sua sponte*.  As stated by the Court of Appeals for the

Tenth Circuit, "we have discretion to raise comity [exhaustion] issues sua sponte." *Smith v. Moffett*, 947

F.2d 442, 445 (10th Cir. 1991), *quoted in Hardiman v. Reynolds*, 971 F. 2d 500, 503 (10th Cir. 1992); *and

see Munn v. Ward*, No. 98-6207, 1998 WL 764651 (10th Cir. 1998) (same); *Granberry v. Greer*, 481 U.S.

129, 133-34 (1987) (exhaustion may be raised on appeal even if not raised in the district court).  Although

Applicant cites to an Eleventh Circuit decision that posits a different rule, *Davis v. Dugger*, 829 F.2d 1513,

1521 (11th Cir. 1987); *see also Esslinger v. Davis*, 44 F.3d 1515, 1525-1528 (11th Cir. 1995), the Court

notes that the Supreme Court has declined to resolve this split among the circuits. *Trest v. Cain*, 522 U.S.

87, 90-91 (1997).  This argument does not aid Applicant's cause.

Second, Applicant argues "exhaustion is unnecessary in the instant case because Petitioner has



raised claim(s) implicating important state interests." As Applicant correctly asserts, the exhaustion requirement is "based on principles of comity; exhaustion is not jurisdictional," *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994), and a state may waive exhaustion. *Granberry v. Greer*, 481 U.S. at 132-33. "Necessity," however, is not a governing factor in a comity analysis, because "comity involves a delicate compromise of both state and federal concerns." *Carter v. Estelle*, 677 F.2d 427, 442 (5th Cir.1982), *quoted in Hardiman*, 971 F.2d at 503. Here, as even Applicant asserts, the state clearly has a strong interest in resolving issues arising from its own prison system, and the Court will not presume that the state courts of New Mexico are unavailable or incompetent to adjudicate Applicant's claims. *See Steele v. Young*, 11 F.3d 1518, 1523 (10th Cir. 1993). This argument does not support Applicant's request to excuse exhaustion.

Last, Applicant asserts that, because of the delay and futility of state court proceedings, he will be prejudiced if he is required to exhaust state court remedies. This argument is based on the allegation that actions filed in state court by Applicant and numerous other inmates have not been given proper consideration. This Court will not presume that Applicant will not receive full and fair adjudication of his claims in state court. *See, e.g., Steele v. Young*, 11 F.3d at 1523; *and see Saleh v. Novak*, No. 99-1093, 1999 WL 603785 (10th Cir. 1999) (futility not shown by allegation that relief was denied to other inmates on same claim in state courts.); *cf. Bousley v. United States*, 523 U.S. 614, 623 (1998) (futility not shown simply because claim was " 'unacceptable to that particular court at that particular time.' ") (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982). The Court will require exhaustion, and the application will be dismissed.

IT IS THEREFORE ORDERED that Applicant's application for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice, and this action is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE